IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY COLLEGE OF SAN FRANCSCO NURSING DEPARTMENT,<br><br>    Defendant.<br>_____/ | No. C 06-05876 CRB<br><br>**ORDER** |

    Jacqueline Williams ("Plaintiff") filed this lawsuit against the City College of San Francisco ("Defendant") in September of 2006. Now pending before the Court is Defendant's motion to dismiss, to which Plaintiff has failed to file a response.

    Though her complaint is in many aspects incoherent, the thrust of Plaintiff's case is that Defendant discriminated against her on the basis of race when it refused to admit her into its nursing program. Plaintiff, who is African-American, claims that she applied to Defendant's nursing program during most, if not all, of the fall and spring semesters between 1999 and 2006. She claims that she has been denied admission each time. She further claims that she has seen only "Whites, Asian, Filipino, Mexican, and all other nationality in the program." She asserts that she is "tired of the treatment of the defendant and their staff(s)," and she alleges that "the nursing department is out-of-control and racism [sic]." She alleges that she has been denied admission and access to facilities because of her race. In addition, albeit somewhat haphazardly, she invokes 42 U.S.C. § 1983.

1   In addition to the charges it levels against Defendant, the complaint also denounces
2   racial injustice in America generally.  It also castigates specific individuals, including George
3   Bush, Bill Clinton, Barbara Bush, and John Muir hospital--an entity that likely employs
4   nurses, but does not appear to be affiliated in any way with Defendant.  The complaint also
5   contains musing on a film by Spike Lee regarding Hurricane Katrina and proclaims that
6   "Black People want the same as every one else."

7   Defendant argues that it is immune from this lawsuit under the federal Constitution.
8   This Court agrees.  "The Eleventh Amendment bars suits which seek either damages or
9   injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies."
10  Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (quoting Durning v. Citibank, N.A.,
11  950 F.2d 1419, 1422-23 (9th Cir.1991)).  "California cases demonstrate that California state
12  colleges and universities are 'dependent instrumentalities of the state.'" Mitchell v. Los
13  Angeles Cmty. College Dist., 861 F.2d 198, 201 (9th Cir. 1988) (quoting Jackson v.
14  Hayakawa, 682 F.2d 1344, 1350 (9th Cir.1982)).  In fact, the Ninth Circuit has previously
15  held that the Eleventh Amendment prohibits suits brought under § 1983 against precisely this
16  defendant.  See Cerrato v. San Francisco Cmty College Dist., 26 F.3d 968, 972 (9th Cir.
17  1994).  Because Defendant is immune from suit under the Eleventh Amendment, its motion
18  to dismiss is hereby GRANTED, with prejudice.

19  **IT IS SO ORDERED.**

22  Dated:  December 4, 2006           CHARLES R. BREYER
                                       UNITED STATES DISTRICT JUDGE

*United States District Court*
*For the Northern District of California*

G:\CRBALL\2006\5876\order re motion to dismiss.wpd           2